UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:14-CR-00049-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) **ORDER** |
| DEQUAN OCTAVION REID, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release (Doc. No. 90). The United States filed a motion to dismiss, (Doc. No. 92), and this matter is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED** and the United States' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

On September 27, 2013, Defendant was arrested by state authorities on several charges. (Doc. No. 93-2, p. 2.) On March 18, 2014, a Grand Jury indicted Defendant in this District on one count of carjacking in violation of 18 U.S.C. § 2119(1) and one count of brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. No. 1.) On April 9, 2014, Defendant was transferred to federal custody. (Doc. No. 5.) On June 19, 2014, the United States superseded the indictment with two additional counts. (Doc. No. 18.) This Court sentenced Defendant to an aggregate sentence of 198 months imprisonment on June 22, 2015, which included a mandatory 120-month consecutive sentence on Count Four of the Superseding Indictment. (Doc. No. 57.) Shortly thereafter, on July 9, 2015, Defendant was returned to state custody for prosecution of his remaining state claims. (Doc. No. 93-2, p. 3.) In response to a letter from the Mecklenburg County District Attorney's Office, the Court indicated no opposition to the state

1

court imposing Defendant's state sentence concurrent to his federal sentence. (Doc. No. 89-1.) Defendant's state sentence expired on April 13, 2020. Thereafter, he was remanded to the custody of the Bureau of Prisons to serve his federal sentence. (Id.)

Defendant is currently incarcerated at the U.S. Penitentiary at Terre Haute. See https://www.bop.gov/inmateloc/ (last visited May 22, 2024). His projected release date is June 14, 2028. (Id.) In his motion for compassionate release, Defendant argues extraordinary and compelling reasons support a sentence reduction of approximately six and a half months because the Bureau of Prisons miscalculated his sentence. The United States opposes the motion, arguing: (1) he has not exhausted his administrative remedies; (2) a motion for compassionate release is not the proper vehicle for the relief Defendant seeks; (3) Defendant has not shown extraordinary and compelling reasons support a sentence reduction; and (4) the sentencing factors under § 3553(a) do not support a sentence reduction.

## II. ANALYSIS

A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The United States argues Defendant failed to exhaust his administrative remedies. Defendant attached to his reply brief a response from the BOP Central Office denying his request for jail-time credit, the same relief he seeks in this motion. (Doc. No. 93-1.) Because the record indicates Defendant has exhausted his administrative remedies, the Court's analysis turns to the merits of Defendant's motion.

2

The Court first considers whether Defendant's argument is an appropriate basis for compassionate release under 18 U.S.C. § 3582. "[T]he very purpose of § 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions *where there is not a specific statute that already affords relief* but 'extraordinary and compelling reasons' nevertheless justify a reduction." United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022) (emphasis added).

It is well-settled that the Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment, including computation of the amount of time-served credit due after the Bureau takes custody of the Defendant post-sentencing. United States v. Wilson, 503 U.S. 329, 331, 334–45 (1992).

Defendant believes the BOP has calculated his sentence incorrectly. This Court is not the proper forum for his claim, and a motion for compassionate release is not the proper vehicle. As the Fourth Circuit has explained, "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); see also Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). Defendant is incarcerated at U.S. Penitentiary Terre Haute in Indiana, which is not within this District. Therefore, venue is not proper here under § 2241.

Defendant argues in his reply that a motion under § 3582(c)(1)(A) is available to him because a § 2241 petition would be futile, therefore no other statute can afford him the relief he seeks. In support of this argument, Defendant cites the Supreme Court's decision in Jones v. Hendrix, 599 U.S. 465 (2023). In Jones, the Supreme Court held the so-called "savings clause" of § 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent the AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241

3

petition." Id. at 471. Unlike in Jones, Defendant is not challenging the lawfulness of his conviction or even his sentence—he challenges only the BOP's calculation of his lawful sentence. After Jones, the Fourth Circuit has continued to consider petitioners' requests for review of the BOP's determination of time credits on the merits. See, e.g., McNeill v. Ramos, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (concluding the district court did not err in finding petitioner was ineligible for sentencing time credits). In that case, the District Court noted petitioner's claim for time credits was "potentially cognizable under § 2241," but found he was statutorily ineligible. Order, McNeill v. Ramos, No. 5:22-hc-2134, (E.D.N.C. Apr. 11, 2023). For these reasons, the Court disagrees with Defendant's futility argument and concludes Defendant's motion to recalculate his sentence does not present a proper basis for a motion under § 3582(c)(1)(A).

In a pro se letter filed after his reply, (Doc. No. 94), Defendant also raises Amendment 821 to the United States Sentencing Guidelines. Defendant is not eligible for a sentence reduction under Amendment 821 because he is not a "Zero-Point Offender" under amended § 4C1.1 and the "Status Points" Amendment does not affect his guideline range. Defendant scored seven criminal history points for a criminal history category of IV. Two of those points were "Status Points." Under the retroactive amendment, Defendant now scores one status point instead of two for a total of six status points. However, six status points still yields a criminal history category of IV. Because retroactive application of Amendment 821 does not alter Defendant's guidelines range, he is not eligible for a sentence reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. No. 90) is **DENIED** and the United States' Motion to Dismiss (Doc. No. 92) is **GRANTED**.

**IT IS SO ORDERED.**

Signed: May 31, 2024

*[Signature]*

Frank D. Whitney
United States District Judge